## IN THE DISTRICT COURT OF LOVE COUNTY
## STATE OF OKLAHOMA

NICHOLAS AARON VENTRESCA;          )
SIERRA DAWN YEAHQUO               )
VENTRESCA, INDIVIDUALLY AND AS    )
PARENT AND NEXT FRIEND FOR        )
N.A.V.J. AND J.T.C.V., MINOR      )
CHILDREN; LUKE YEAHQUO, JR.;      )
JENNIFER ANN YEAHQUO;             )
LUKE JARRETTE YEAHQUO;            )
JEREMIAH COLE YEAHQUO;            )
ROBERT WAYNE BRUGH; AND           )
MARIA DZHAKHANIAR BRUGH,          )
     **Plaintiffs**                )
                                  )
                                  )
VS.                               )
                                  )
LGSI EQUIPMENT OF INDIANA, LLC;   )
UACL LOGISTICS, LLC; UACL         )
LOGISTICS, LLC d/b/a UNIVERSAL;   )
UNIVERSAL TRUCKLOAD SERVICES,     )
INC.; UNIVERSAL TRUCKLOAD         )
SERVICES, INC. d/b/a U.T.S.I., INC.; )
UNIVERSAL LOGISTICS HOLDINGS,     )
INC.; UNIVERSAL LOGISTICS         )
HOLDINGS, INC. d/b/a U.T.S.I., INC.; )
UNIVERSAL TRUCKLOAD, INC.;        )
UNIVERSAL TRUCKLOAD, LLC;         )
UNIVERSAL TRUCKLOAD, LLC d/b/a    )
UNIVERSAL; UNIVERSAL TRUCKING     )
LLC; UNIVERSAL MANAGEMENT         )
SERVICES, INC.; UNIVERSAL         )
MANAGEMENT SERVICES, INC. d/b/a   )
UNIVERSAL TRUCKLOAD SERVICES,     )
INC.; UNIVERSAL MANAGEMENT        )
SERVICES, INC. d/b/a UNIVERSAL    )
LOGISTICS HOLDINGS, INC.;         )
UNIVERSAL LOGISTICS, INC., A TEXAS )
CORPORATION; UNIVERSAL            )
SPECIALIZED, INC.; UNIVERSAL      )
SPECIALIZED, LLC;                 )
UACL SPECIALIZED, LLC; UNIVERSAL  )
LOGISTICS LLC; UNIVERSAL          )
LOGISTICS SOLUTIONS               )
INTERNATIONAL, INC.; CAVALRY      )

Filed in District Court
Love County, OK

**APR 2 7 2021**

Kim Jackson, Court Clerk
By_____Deputy

Case No.

C J - 21 - 18

**JURY TRIAL DEMANDED**

**ATTORNEY'S LIEN CLAIMED**

-1-

LOGISTICS INTERNATIONAL, INC.;        )
AND GERALD LYNN SEARS,                )
     **Defendants**                      )

## PETITION

NOW COME, Nicholas Aaron Ventresca; Sierra Dawn Yeahquo Ventresca, Individually and As Parent and Next Friend for N.A.V.J. and J.T.C.V., Minor Children; Luke Yeahquo, Jr.; Jennifer Ann Yeahquo; Luke Jarrette Yeahquo; Jeremiah Cole Yeahquo; Robert Wayne Brugh; and Maria Dzhakhaniar Brugh, hereinafter collectively called "Plaintiffs", and file this Petition against LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; Cavalry Logistics International, Inc.; and Gerald Lynn Sears, hereinafter collectively called "Defendants," and for just cause would respectfully show the Court the following:

1.      This action arises from a multi-vehicle motor vehicle collision that injured Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Yeahquo, and the minor child, N.A.V.J., on or about May 20, 2019.

2.      Plaintiff, Nicholas Aaron Ventresca, is citizen and resident of Guthrie, Logan County, Oklahoma.

3.    Plaintiff, Sierra Dawn Yeahquo Ventresca, individually and as parent and next friend for N.A.V.J. and J.T.C.V, minor children, is a citizen and resident of Guthrie, Logan County, Oklahoma.

4.    Plaintiff, Luke Yeahquo, Jr., is a citizen and resident of Crescent, Logan County, Oklahoma.

5.    Plaintiff, Jennifer Ann Yeahquo, is a citizen and resident of Crescent, Logan County, Oklahoma.

6.    Plaintiff, Luke Jarrette Yeahquo, is a citizen and resident of Crescent, Logan County, Oklahoma.

7.    Plaintiff, Jeremiah Cole Yeahquo, is a citizen and resident of Crescent, Logan County, Oklahoma.

8.    Plaintiff, Robert Wayne Brugh, is a citizen and resident of New Town, Mountrail County, North Dakota.

9.    Plaintiff, Maria Dzhakhaniar Brugh, is a citizen and resident of New Town, Mountrail County, North Dakota.

10.    Defendant, LGSI Equipment of Indiana, LLC, is an Indiana limited liability company doing business in the State of Oklahoma.  Defendant's principal office and principal place of business are located at 12755 E Nine Mile Road, Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition by certified mail, return receipt requested, to its registered agent, Corporate Creations Network Inc., at 8520 Allison Pointe Blvd #220, Indianapolis, Indiana 46250.   Defendant may also be served by sending a copy of the

Summons and Petition by certified mail, return receipt requested, to its registered agent for service of process, Timothy J Monahan, at 12755 E 9 Mile Rd, Warren, Michigan, 48089. Defendant may also be served by sending a copy of the Summons and Petition by certified mail, return receipt requested, to its President, Jay Mason, at 12755 E 9 Mile Road, Warren, Michigan 48089.Defendant may also be served by sending a copy of the Summons and Petition by certified mail, return receipt requested, to its Member, Violeta Golematis, at 12755 E 9 Mile Road, Warren, Michigan 48089.

11.      Defendant, UACL Logistics, LLC, is a Delaware limited liability company doing business in the State of Oklahoma. Defendant's principal office and principal place of business are located at 12755 E Nine Mile Rd, Warren, Michigan 48089.  Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma.  Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Corporate Creations Network Inc., at 601 S. Boulder, Suite 600, Tulsa, Oklahoma 74119. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 E Nine Mile Rd, Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its Vice-President, Timothy J. Monahan, at 12755 E Nine Mile Road, Warren, Michigan 48089. Defendant may also be served sending a copy of the Summons and Petition by certified mail, return receipt requested, to its member or manager, Mark Limback, at 12755 E Nine Mile Road, Warren, Michigan 48089.

12.        Defendant, UACL Logistics, LLC d/b/a Universal, is a Delaware limited liability company doing business in the State of Oklahoma. Defendant's principal office and principal place of business are located at 12755 E Nine Mile Rd, Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Corporate Creations Network Inc., at 601 S. Boulder, Suite 600, Tulsa, Oklahoma 74119. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 E Nine Mile Rd, Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its Vice-President, Timothy J. Monahan, at 12755 E Nine Mile Road, Warren, Michigan 48089. Defendant may also be served sending a copy of the Summons and Petition by certified mail, return receipt requested, to its member or manager, Mark Limback, at 12755 E Nine Mile Road, Warren, Michigan 48089.

13.        Defendant, Universal Truckload Services, Inc., is a Michigan corporation doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 12755 E Nine Mile, Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 E Nine Mile, Warren, Michigan 48089. Defendant may also be served

by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Timothy Phillips, at 12755 E Nine Mile, Warren, Michigan 48089.

14.      Defendant, Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc., is a Michigan corporation doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 12755 E Nine Mile, Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 E Nine Mile, Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Timothy Phillips, at 12755 E Nine Mile, Warren, Michigan 48089.

15.      Defendant, Universal Logistics Holdings, Inc., is a Michigan corporation doing business in the State of Oklahoma.  Defendant's principal office and principal place of business are at 12755 E Nine Mile, Warren, Michigan 48089.  Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 E Nine Mile, Warren, Michigan 48089.  Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Timothy Phillips, at 12755 E Nine Mile, Warren, Michigan 48089.

16.      Defendant, Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc., is a Michigan corporation doing business in the State of Oklahoma.  Defendant's principal office and principal place of business are at 12755 E Nine Mile, Warren, Michigan 48089.  Defendant

-6-

engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 E Nine Mile, Warren, Michigan 48089.  Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Timothy Phillips, at 12755 E Nine Mile, Warren, Michigan 48089.

17.     Defendant, Universal Truckload, Inc., is a Delaware corporation doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 12755 E Nine Mile Rd., Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Corporate Creations Network Inc., at 601 S. Boulder Ave., Suite 600, Tulsa, Oklahoma 74119.  Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Mark Limback, at 12755 E Nine Mile, Warren, Michigan 48089.

18.     Defendant, Universal Truckload, LLC, is a Delaware limited liability company doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 12755 E Nine Mile Rd., Warren, Michigan 48089.  Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma.   Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Corporate Creations Network Inc., at 601 S. Boulder, Suite 600, Tulsa, Oklahoma 74119. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail,

return receipt requested, to its registered agent, Timothy J Monahan, at 12755 E Nine Mile Rd., Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its Vice President, Timothy J. Monahan, at 12755 E Nine Mile Rd., Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its member or manager, Mark Limback, at 12755 E Nine Mile Road, Warren, Michigan 48089.

19.     Defendant, Universal Truckload, LLC d/b/a Universal, is a Delaware limited liability company doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 12755 E Nine Mile Rd., Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma.   Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Corporate Creations Network Inc., at 601 S. Boulder, Suite 600, Tulsa, Oklahoma 74119. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 E Nine Mile Rd., Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its Vice President, Timothy J. Monahan, at 12755 E Nine Mile Rd., Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its member or manager, Mark Limback, at 12755 E Nine Mile Road, Warren, Michigan 48089.

20.     Defendant, Universal Trucking, LLC, is a Michigan limited liability company doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 38329 S. Williams Circle, Westland, Michigan 48186. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Gregory Brown, at 38329 S. Williams Circle, Westland, Michigan 48186. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its Manager, Gregory Brown, at 38329 S. Williams Circle, Westland, Michigan 48186.

21.     Defendant, Universal Management Services, Inc., is a Michigan corporation doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 12755 East Nine Mile, Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 East Nine Mile, Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Timothy Phillips, at 12755 East Nine Mile, Warren, Michigan 48089.

22.     Defendant, Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc., is a Michigan corporation doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 12755 East Nine Mile,

Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 East Nine Mile, Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Timothy Phillips, at 12755 East Nine Mile, Warren, Michigan 48089.

23.     Defendant, Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc., is a Michigan corporation doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 12755 East Nine Mile, Warren, Michigan 48089. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Timothy J Monahan, at 12755 East Nine Mile, Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Timothy Phillips, at 12755 East Nine Mile, Warren, Michigan 48089.

24.     Defendant, Universal Logistics, Inc., a Texas corporation, is a corporation doing business in the State of Oklahoma. Defendant's principal office and principal place of business are at 2610 River Oak Court, Kingwood, Texas 77345. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent, Dave Rogers, at

2610 River Oak Ct., Kingwood, Texas 77345. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, David Rogers, at 2610 River Oak Ct., Kingwood, Texas 77345.

25.      Defendant, Universal Specialized, Inc., is a Michigan corporation doing business in the State of Oklahoma. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, The Corporation Company, at 1833 South Morgan Rd, Oklahoma City, Oklahoma 73128. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, Timothy J Monahan, at 12755 E Nine Mile, Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, Mark Limback, at 12755 E Nine Mile, Warren, Michigan 48089.

26.      Defendant, Universal Specialized, LLC, is a Michigan limited liability company doing business in the State of Oklahoma. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma. Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, The Corporation Company, at 1833 South Morgan Rd, Oklahoma City, Oklahoma 73128. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, Timothy J. Monahan, at 12755 E Nine Mile Rd, Warren, Michigan 48089. Defendant may also be served by sending

-11-

a copy of the Summons and Petition, by certified mail, return receipt requested, to its Manager, Mark Limback, at 12755 E Nine Mile Rd, Warren, Michigan 48089.

27.      Defendant, UACL Specialized, LLC, is a Michigan limited liability company doing business in the State of Oklahoma. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma.   Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, The Corporation Company, at 1833 South Morgan Rd, Oklahoma City, Oklahoma 73128. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, Timothy J. Monahan, at 12755 E Nine Mile Rd, Warren, Michigan 48089. Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its Manager, Mark Limback, at 12755 E Nine Mile Rd, Warren, Michigan 48089.

28.      Defendant, Universal Logistics LLC, is an Oklahoma limited liability company, and may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, Patricia Gayle Onochie, at 201 N. 1st Street, Ponca City, Oklahoma 74601.

29.      Defendant, Universal Logistics Solutions International, Inc., is an Illinois corporation doing business in the State of Oklahoma.  Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma.  Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, Timothy J Monahan, at 12755 E Nile Mile Rd., Warren, Michigan 48089.  Defendant may

-12-

also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, John Johnson, at 12755 E Nine Mile Rd., Warren, Michigan 48089.

30.     Defendant, Cavalry Logistics International, Inc., is an Illinois corporation doing business in the State of Oklahoma. Defendant engages in business in the State of Oklahoma and has continuous and systematic contacts with the State of Oklahoma.  Defendant may be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its registered agent for service of process, Timothy J Monahan, at 12755 E Nile Mile Rd., Warren, Michigan 48089.  Defendant may also be served by sending a copy of the Summons and Petition, by certified mail, return receipt requested, to its President, John Johnson, at 12755 E Nine Mile Rd., Warren, Michigan 48089.

31.     Defendant, Gerald Lynn Sears, is a citizen and resident of the State of Texas, whose mailing address is 2308 N. Lockhart St., Sherman, Texas 75092, and may be served with the Summons and Petition at this address.

32.     On or about May 20, 2019, Plaintiffs, and the minor children, N.A.V.J. and J.T.C.V. ("the minor children"), were traveling southbound on Interstate Highway 35 in Love County, Oklahoma, in multiple motor vehicles some of which were pulling trailers. Plaintiffs, Nicholas Aaron Ventresca and the minor child, N.A.V.J., were traveling in a 2018 Dodge Ram 3500 pickup owned and/or leased by Plaintiff, Nicholas Aaron Ventresca, ("the Ventresca vehicle") and towing a trailer owned and/or leased by Plaintiff, Nicholas Aaron Ventresca, ("the Ventresca trailer") and in which horses owned by Plaintiffs, were situated, southbound on Interstate Highway 35 in Love County, Oklahoma. Plaintiffs, Robert Brugh and Maria Dzhakhaniar Brugh, were traveling in a 2018 Dodge

Ram 3500 pickup owned and/or leased by Plaintiff, Robert Brugh, ("the Brugh vehicle")
and towing a trailer owned and/or leased by Plaintiff, Robert Brugh, ("the Brugh trailer")
and in which horses owned by Plaintiffs, were situated, southbound on Interstate Highway
35 in Love County, Oklahoma. Plaintiff, Jeremiah Cole Yeahquo, was traveling in a vehicle
owned and/or leased by Plaintiff, Luke Yeahquo, Jr., ("the Yeahquo vehicle"), and towing
a trailer owned and/or leased by Plaintiff, Luke Yeahquo, Jr., ("the Yeahquo trailer") and
in which horses owned by Plaintiffs, were situated, southbound on Interstate Highway 35
in Love County, Oklahoma. Plaintiffs' three vehicles ("the Ventresca vehicle," "the Brugh
vehicle," and "the Yeahquo vehicle") and the respective trailers they were towing had
stopped in the southbound shoulder of Interstate Highway 35, past the fog line, completely
out of the lanes of traffic.  Lined up north to south, the Ventresca vehicle and its trailer
carrying horses were in the northernmost position, the Brugh vehicle and its respective
trailer were in the middle position, and the Yeahquo vehicle and its respective trailer were
in the southernmost position. Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh and
Jeremiah Yeahquo, were standing towards the front passenger side of the Brugh vehicle,
assessing a mechanical issue with a trailer wheel bearing.  Inside the Ventresca vehicle was
the minor child, N.A.V.J..  Inside the Brugh vehicle was Plaintiff, Maria Dzhakhaniar
Brugh. The Yeahquo vehicle was not occupied at the time of the collision.  Plaintiffs,
Jennifer Ann Yeahquo, Luke Yeahquo, Jr., Sierra Dawn Yeahquo Ventresca, Luke Jarrtte
Yeaquo, and the minor child, J.T.V.C., were traveling in motor vehicles southbound on
Interstate Highway 35 travelling ahead of the Ventresca vehicle, the Brugh vehicle, and the
Yeahquo vehicle.  Defendant, Gerald Lynn Sears, was operating a 2015 Freightliner
Cascadia tractor owned and/or leased by Defendants, LGSI Equipment of Indiana, LLC;

-14-

UACL Logistics, LLC[1]; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.[2]; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC[3]; Universal Truckload, LLC d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.[4]; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC[5]; UACL Specialized, LLC[6]; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc.[7]; while in the course and scope of his employment with Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.;

---

[1] Universal Truckload, LLC changed its name to UACL Logistics, LLC on or about January 25, 2021.
[2] Universal Truckload Services, Inc. changed its name to Universal Logistics Holdings, Inc. on or about April 28, 2016.
[3] Universal Truckload, Inc. converted to Universal Truckload, LLC on or about August 26, 2019. Universal Truckload, LLC changed its name to UACL Logistics, LLC on or about January 25, 2021.
[4] Universal Truckload Services, Inc. changed its name to Universal Logistics Holdings, Inc. on or about April 28, 2016.
[5] Universal Specialized, Inc. was converted to Universal Specialized, LLC on or about September 3, 2019.
[6] Universal Specialized, LLC changed its name to UACL Specialized, LLC on or about January 22, 2021.
[7] Universal Logistics Solutions International, Inc. changed its name to Cavalry Logistics International, Inc. on or about March 22, 2019.

Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc., traveling southbound on Interstate Highway 35 in Love County, Oklahoma. Suddenly and without warning, Defendant, Gerald Lynn Sears, failed to maintain his semi-tractor vehicle in a single lane, entered onto the shoulder of Interstate Highway 35, striking the Ventresca trailer, the Ventresca vehicle, then striking the Brugh trailer, the Brugh vehicle causing the Brugh vehicle to strike the Yeahquo trailer. The impact of the semi-tractor vehicle caused the Brugh trailer and vehicle to jacknife violently causing the Brugh vehicle to slam into and injure Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh and Jeremiah Yeahquo, who were standing beside the Brugh vehicle, then striking the Yeahquo trailer, subjecting Plaintiffs and the minor child, N.A.V.J., to tremendous force.

33.      At the time of the occurrence, Defendant Gerald Lynn Sears, was in the course and scope of his employment with Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC   d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc..

34.       Defendant, Gerald Lynn Sears, was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

A.       Violating 47 O.S. § 11-309, which reads, in pertinent part, as follows:

Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following requirements in addition to all others consistent herewith shall apply.

1. A vehicle shall be driven as nearly as practicable entirely within a single lane.

2. A vehicle shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety and then given a signal, not less than the last one hundred (100) feet traveled by the vehicle, of his intention to change lanes.

Upon information and belief, and per the Official Oklahoma Traffic Collision Report, Defendant, Gerald Lynn Sears, struck Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Cole Yeahquo, and the vehicles in which Plaintiffs, Maria Dzhakhaniar Brugh, and the minor child N.A.V.J. were situated, as a result of his failing to drive in a single lane. The statute was designed to protect persons from drivers failing to drive as nearly practibable entirely within a single lane. Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Cole Yeahquo, Maria Dzhakhaniar Brugh, and the minor child N.A.V.J., are among the class of persons designed to be protected by the statute.

B.       Violating 47 O.S. § 11-801, which reads, in pertinent part, as follows:

Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing. No person shall drive any vehicle upon a highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead.

Upon information and belief, and per the Official Oklahoma Traffic Collision Report, Defendant, Gerald Lynn Sears, failed to safely stop his vehicle prior to striking the trailers, Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Cole Yeahquo, and the

-17-

vehicles in which Plaintiffs, Maria Dzhakhaniar Brugh, and the minor child N.A.V.J. were situated. The statute was designed to protect persons from drivers driving a vehicle at a speed greater or less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing. Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Cole Yeahquo, Maria Dzhakhaniar Brugh, and the minor child N.A.V.J., are among the class of persons designed to be protected by the statute.

C.   Violating 47 O.S. § 11-901, which reads in pertinent part as follows:

It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in Section 11-801.

Defendant, Gerald Lynn Sears, carelessly and recklessly operated his motor vehicle, said carelessness and recklessness resulting in Defendant, Gerald Lynn Sears, striking the trailers, Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Cole Yeahquo, and the vehicles in which Plaintiffs, Maria Dzhakhaniar Brugh, and the minor child, N.A.V.J., were situated. The statute was designed to protect persons from drivers driving a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in Section 11-801, including, but not limited to, the traffic, surface and width of the highway and any other conditions then existing Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Cole Yeahquo, Maria Dzhakhaniar Brugh, and the minor child, N.A.V.J., are among the class of persons designed to be protected by the statute.

D.   Violating 47 O.S. §11-901b, which reads in pertinent part as follows:

The operator of every vehicle, while driving, shall devote their full time and attention to such driving.

Upon information and belief, inattentiveness on the part of Defendant, Gerald Lynn Sears, caused him to leave his lane of traffic and strike the trailers, Ventresca vehicle and the Brugh vehicles causing the Brugh vehicle to strike Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Cole Yeahquo, and caused injuries to them and to Plaintiff, Maria Dzhakhaniar Brugh, and the

-18-

minor child, N.A.V.J. who were situated in the vehicles, all as a result of inattentiveness. The statute was designed to protect persons from motor vehicle operators failing to devote their full time to driving and attention to such driving. Plaintiffs, Nicholas Aaron Ventresca, Robert Brugh, Jeremiah Cole Yeahquo, Maria Dzhakhaniar Brugh, and the minor child, N.A.V.J., are among the class of persons designed to be protected by the statute.

E.   Failing to keep a proper lookout;

F.   Failing to timely apply his brakes;

G.   Failing to control the vehicle;

H.   Failing to act and/or respond in a reasonable manner; and

I.   Failing to control the speed of the vehicle.

The foregoing acts of negligence and negligence *per se* by Defendant, Gerald Lynn Sears, acting singularly or in combination, were a direct cause of the collision and the resulting damages to Plaintiffs and the minor children.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the minor children.

35.   Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC   d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal

Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc.; are liable for the damages proximately caused to Plaintiffs and the minor children by the conduct of Defendant, Gerald Lynn Sears, in that Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC  d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc., were the employer of Defendant, Gerald Lynn Sears, on the date that Defendant, Gerald Lynn Sears, negligently injured Plaintiffs and the minor children, as alleged above, and Defendant, Gerald Lynn Sears, was acting within the course and scope of that employment when that injury occurred or Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC  d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas

corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc., had the right to control the activities of Defendant, Gerald Lynn Sears.

36.     Defendants LGSI Equipment of Indiana, LLC's; UACL Logistics, LLC's; UACL Logistics, LLC d/b/a Universal's; Universal Truckload Services, Inc.'s; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.'s; Universal Logistics Holdings, Inc.'s; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.'s; Universal Truckload, Inc.'s; Universal Truckload, LLC's; Universal Truckload, LLC d/b/a Universal's; Universal Trucking, LLC's; Universal Management Services, Inc.'s; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.'s; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.'s; Universal Logistics, Inc., a Texas corporation's; Universal Specialized, Inc.'s; Universal Specialized, LLC's; UACL Specialized, LLC's; Universal Logistics LLC's; Universal Logistics Solutions International, Inc.'s; and/or Cavalry Logistics International, Inc.'s independent acts of negligence include, but are not limited to, the following:

    a.     Entrusting the subject truck to an unlicensed, incompetent, physically unqualified and/or reckless  driver  when it knew and/or should have known the driver of the subject   truck was unlicensed, incompetent, and/or reckless.

Plaintiffs' and the minor children's injuries were caused by the negligence of the Defendants.

37.     At the time and on the occasion in question, and immediately prior thereto, Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings,

Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc., were guilty of negligent entrustment and knew or should have known that Defendant, Gerald Lynn Sears, was a careless, physically unqualified, reckless and incompetent driver.

38.     At the time and on the occasion in question, and immediately prior thereto, Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc., supplied the motor vehicle for Defendant Gerald Lynn Sears's use, and Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal

Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc., knew or should have known that Defendant, Gerald Lynn Sears, was likely to use the motor vehicle in a careless, reckless or incompetent way likely to cause harm to others.

39.     Defendants, LGSI Equipment of Indiana, LLC; UACL Logistics, LLC; UACL Logistics, LLC d/b/a Universal; Universal Truckload Services, Inc.; Universal Truckload Services, Inc. d/b/a U.T.S.I., Inc.; Universal Logistics Holdings, Inc.; Universal Logistics Holdings, Inc. d/b/a U.T.S.I., Inc.; Universal Truckload, Inc.; Universal Truckload, LLC; Universal Truckload, LLC d/b/a Universal; Universal Trucking, LLC; Universal Management Services, Inc.; Universal Management Services, Inc. d/b/a Universal Truckload Services, Inc.; Universal Management Services, Inc. d/b/a Universal Logistics Holdings, Inc.; Universal Logistics, Inc., a Texas corporation; Universal Specialized, Inc.; Universal Specialized, LLC; UACL Specialized, LLC; Universal Logistics LLC; Universal Logistics Solutions International, Inc.; and/or Cavalry Logistics International, Inc., knew or should have known that:

        a.     Defendant, Gerald Lynn Sears, was involved in a motor vehicle collision on or about December 27, 2018, in Dallas, Texas;

b.  Defendant, Gerald Lynn Sears, was convicted on or about April 30, 2018, of the offense, committed on or about April 12, 2018, of operating a vehicle on or over a public highway in Walker County, Texas, of which such vehicle had a tandem axle weight heavier than 34,000 pounds, including all enforcement tolerances, in violation of Texas Transportation code § 621.101;

c.  Defendant, Gerald Lynn Sears, was convicted on or about May 2, 2016, of the offense, committed on or about April 18, 2016, of changing lanes when unsafe in Gainesville, Texas, in violation of Texas Transportation Code § 545.060;

d.  Defendant, Gerald Lynn Sears, was convicted on or about September 15, 2014, of the offense, committed in the State of Illinois, on or about August 11, 2014, of speeding less than the minimum;

e.  Defendant, Gerald Lynn Sears, was convicted on or about January 29, 2013, of the offense, committed on or about December 13, 2012 in the State of Indiana, of failure to obey restricted lane mandated; and

f.  Defendant, Gerald Lynn Sears, was convicted on or about January 28, 2011, of the offense, committed on or about January 15, 2011, in the State of Utah, of speeding; and

g.  Defendant, Gerald Lynn Sears, was convicted on or about May 2, 2008, of the offense, committed on or about April 15, 2008, in the State of Kentucky, of speeding greater than the speed limit.

40.  Plaintiffs' and the minor children's injuries were caused by Defendant Gerald Lynn Sears's careless, reckless and incompetent operation of the subject vehicle.

41.         As a direct result of the collision and Defendants' acts as described herein, Plaintiffs, Nicholas Aaron Ventresca, Luke Yeahquo, Jr., Jeremiah Cole Yeahquo, Robert Brugh, Maria Dzhakhaniar Brugh, and Sierra Dawn Yeahquo, as Parent and Next Friend for N.A.V.J., a minor child, and the minor children, were caused to suffer and to endure anxiety, pain, and illness.   Consequently, Plaintiffs, Nicholas Aaron Ventresca, Luke Yeahquo, Jr., Jeremiah Cole Yeahquo, Robert Brugh, Maria Dzhakhaniar Brugh, and Sierra Dawn Yeahquo, as Parent and Next Friend for N.A.V.J., a minor child, and the minor children are entitled to the following items of damages:

A.      Reasonable and necessary medical care and expenses in the past;

B.      Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E.      Mental anguish in the past;

F.      Mental anguish which, in reasonable probability, will be suffered in the future;

G.      Physical impairment in the past;

H.      Physical impairment which, in reasonable probability, will be suffered in the future;

I.      Physical disfigurement in the past; and

J.      Physical disfigurement which, in reasonable probability, will be suffered in the future.

42.         Additionally, as a direct result of the collision and Defendants' acts as described herein, Plaintiffs, Nicholas Aaron Ventresca, Jeremiah Cole Yeahquo, Robert Brugh, and Maria Dzhakhaniar Brugh, are entitled to the following additional items of damages:

-25-

    A.    Loss of earning capacity in the past; and

    B.    Loss of earning capacity which, in reasonable probability, will be incurred in the future.

43.      Additionally, as a direct result of the collision and Defendants' acts as described herein, Plaintiffs, Jennifer Ann Yeahquo, Luke Yeahquo, Jr., Luke Jarrett Yeahquo and Sierra Dawn Yeahquo Ventresca are entitled to the following additional items of damages:

    A.    Loss of companionship and society arising out of the injuries to Jeremiah Cole Yeahquo and in the past; and

    B.    Loss of companionship and society arising out the injuries to Jeremiah Cole Yeahquo and that, in reasonable probability, will be suffered in the future.

44.      Additionally, as a direct result of the collision and Defendants' acts as described herein, Plaintiff, Sierra Dawn Yeahquo Ventresca, Individually and as Parent and Next Friend for J.T.C.V., and the minor child, J.T.C.V., is entitled to the following additional items of damages:

    A.    Loss of companionship and society arising out of the injuries to Nicholas Aaron Ventresca, and the minor child, N.A.V.J. in the past; and

    B.    Loss of companionship and society arising out the injuries to Nicholas Aaron Ventresca, and the minor child, N.A.V.J. that, in reasonable probability, will be suffered in the future.

45.      Additionally, as a direct result of the collision and Defendants' acts as described herein, Plaintiff, Luke Jarrette Yeahquo, is entitled to the following additional items of damages:

    A.    Loss of companionship and society arising out of the injuries to Jeremiah Cole Yeahquo in the past; and

    B.    Loss of companionship and society arising out the injuries to Jeremiah Cole Yeahquo that, in reasonable probability, will be suffered in the future.

46.    Additionally, as a direct result of the collision and Defendants' acts as described herein, Plaintiff, Luke Yeahquo, Jr., is entitled to the following additional items of damages:

    A.    Loss of companionship and society arising out of the injuries to Jeremiah Cole Yeahquo in the past; and

    B.    Loss of companionship and society arising out the injuries to Jeremiah Cole Yeahquo that, in reasonable probability, will be suffered in the future.

47.    Additionally, as a direct result of the collision and Defendants' acts as described herein, Plaintiff, Nicholas Aaron Ventresca, is entitled to the following additional items of damages:

    A.    Loss of companionship and society arising out of the injuries to the minor child, N.A.V.J., in the past; and

    B.    Loss of companionship and society arising out the injuries to the minor child, N.A.V.J., that, in reasonable probability, will be suffered in the future.

48.    Additionally, as a direct result of the collision and Defendants' acts as described herein, Plaintiff, Robert Brugh, is entitled to the following additional items of damages:

    A.    Loss of companionship and society arising out of the injuries to Maria Dzhakhaniar Brugh., in the past; and

    B.    Loss of companionship and society arising out the injuries to Maria Dzhakhaniar Brugh that, in reasonable probability, will be suffered in the future.

49.    Additionally, as a direct result of the collision and Defendants' acts as described herein, Plaintiff, Maria Dzhakhaniar Brug, is entitled to the following additional items of damages:

    A.    Loss of companionship and society arising out of the injuries to Robert Brugh in the past; and

B.      Loss of companionship and society arising out the injuries to Robert Brugh that, in reasonable probability, will be suffered in the future.

50.      Plaintiffs have also suffered damages to, and losses of, their horses and trailers, tack and personal items as a result of this accident and Defendants' negligence and Plaintiffs should be reimbursed for those damages as well as for the loss of use of their horses, tack, and trailers, along with any other property damage and economic losses caused by property loss sustained in the accident.

51.      Defendants committed acts in reckless disregard for the rights of Plaintiffs, including the minor children, because Defendants were aware or did not care that there was a substantial and unnecessary risk that their conduct as set forth in this Petition would cause serious injury to Plaintiffs and the minor children. In particular, it was unreasonable for Defendant, Gerald Lynn Sears, to not control his truck and to hit Plaintiffs' vehicles and trailers as such speed and with such force as he did.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.000) in actual damages, pre-judgment and post-judgment interest, costs and all other relief to which they may be entitled.

Respectfully submitted,

Jeffrey L. Edwards, OBA #13940
Flynn, Edwards & O'Neal, PLLC
P. O. Box 170
Roland, OK 74954
Phone: (918) 323-4351
Fax:    (918) 518-0504

-28-