# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

NICHOLAS AARON VENTRESCA;            )
SIERRA DAWN YEAHQUO                  )
VENTRESCA, INDIVIDUALLY AND AS)
PARENT AND NEXT FRIEND FOR           )
N.A.V.J. AND J.T.C.V., MINOR         )
CHILDREN; LUKE YEAHQUO, JR.;         )
JENNIFER ANN YEAHQUO;                )
LUKE JARRETTE YEAHQUO;               )
JEREMIAH COLE YEAHQUO;               )
ROBERT WAYNE BRUGH; AND              )
MARIA DZHAKHANIAR BRUGH,             )
                                     )
                  Plaintiffs,        )
                                     )
vs.                                  )   Case No.  CIV-21-191-SPS
                                     )
LGSI EQUIPMENT OF INDIANA, LLC;)
UACL LOGISTICS, LLC; UACL            )
LOGISTICS, LLC d/b/a UNIVERSAL;  )
UNIVERSAL TRUCKLOAD SERVICES,)
INC.; UNIVERSAL TRUCKLOAD            )
SERVICES, INC. d/b/a U.T.S.I., INC.;     )
UNIVERSAL LOGISTICS HOLDINGS, )
INC.; UNIVERSAL LOGISTICS            )
HOLDINGS, INC. d/b/a U.T.S.I., INC.;    )
UNIVERSAL TRUCKLOAD, INC.;           )
UNIVERSAL TRUCKLOAD, LLC;            )
UNIVERSAL TRUCKLOAD, LLC d/b/a )
UNIVERSAL; UNIVERSAL                 )
MANAGEMENT SERVICES, INC.;           )
UNIVERSAL MANAGEMENT                 )
SERVICES, INC. d/b/a                 )
UNIVERSAL TRUCKLOAD SERVICES,)
INC. ; UNIVERSAL MANAGEMENT          )
SERVICES, INC. d/b/a UNIVERSAL       )
LOGISTICS HOLDINGS, INC.;            )
UNIVERSAL LOGISTICS, INC., A         )
TEXAS CORPORATION; UNIVERSAL )
SPECIALIZED INC.; UNIVERSAL          )
SPECIALIZED, LLC; UNIVERSAL          )
LOGISTICS SOLUTIONS                  )
INTERNATIONAL, INC.; CAVALRY    )
LOGISTICS INTERNATIONAL, INC.;  )

| | |
|---|---|
| **AND GERALD LYNN SEARS,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| **GEICO CASUALTY COMPANY,** | ) |
| | ) |
| **Intervenor,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **LSGI EQUIPMENT OF INDIANA, LLC,** | ) |
| **AND GERALD LYNN SEARS,** | ) |
| | ) |
| **Defendants in Intervention.** | ) |

## OPINION AND ORDER GRANTING MOVANT GEICO CASUALTY COMPANY'S MOTION TO INTERVENE

This matter comes before the Court pursuant to movant GEICO Casualty Company's Amended Motion to Intervene [Docket No. 37]. The Plaintiffs originally filed this negligence claim arising out of an automobile collision in Oklahoma state court in Case No. CJ-21-018 on April 27, 2021. Defendant Gerald Lynn Sears then removed the case to this Court on June 30, 2021. *See* Docket No. 1-2. GEICO Casualty Company ("GEICO") has now moved to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), or for permissive intervention pursuant to Fed. R. Civ. P. 24(b). The Court notes that GEICO has indicated that the Plaintiffs do not object to this motion, and that the Defendants do not object so long as diversity jurisdiction is not destroyed thereby. For the reasons set forth below, the Court finds that GEICO Casualty Company's Amended Motion to Intervene [Docket No. 37] should be GRANTED.

Federal Rule of Civil Procedure 24(a)(2) states that, "[o]n timely motion, the court must permit anyone to intervene who: [2] claims an interest relating to the property or

transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane County, Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (*citing Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)). The Tenth Circuit has "historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Zinke*, 877 F.3d at 1164.

Timeliness is determined based on the totality of the circumstances. *See Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). The Court looks to "three factors as particularly important: [ (1) ] the length of time since the [movant] knew of [its] interests in the case; [ (2) ] prejudice to the existing parties; [and (3) ] prejudice to the [movant]." *Id.* Here, GEICO's motion is clearly timely, as the Amended Motion to Intervene was filed prior to this Court's deadline for joinder of parties and nearly seven months prior to the discovery deadline in this case, and there is no prejudice to the existing parties by the joinder while GEICO alleges significant prejudice inf intervention is denied.

Additionally, GEICO has established that it has a legal interest relating to this litigation that could be potentially impaired. "We apply practical judgment when determining whether the strength of the interest and the potential risk of injury to that interest justify intervention," and this is "a minimal burden." *Kane County*, 928 F.3d at

891 (citation omitted). Here, GEICO is the insurer for Plaintiff Luke Yeahquo, and is purportedly entitled to reimbursement by right of subrogation. The ability to assert this right of subrogation may be impaired absent intervention.

Finally, the existing parties do not adequately represent GEICO's interests. "This burden is minimal, and it is enough to show that the representation *may be* inadequate." *Kane County*, 928 F.3d 877, 892 (10th Cir. 2019) (quotations omitted) (emphasis added). Indeed, "the possibility of divergence of interest need not be great in order to satisfy the burden of the applicants[.]" *Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Commission*, 578 F.2d 1341, 1346 (10th Cir. 1978).

Accordingly, this Court finds that GEICO Casualty Company has a right to intervene herein as a party Plaintiff pursuant to Fed. R. Civ. P. 24(a)(2). Movant GEICO Casualty Company's Amended Motion to Intervene [Docket No. 37] is hereby GRANTED. GEICO Casualty Company is furthermore hereby directed to file its Complaint in Intervention, *see* Docket No. 37, Ex. 1, forthwith.

IT IS SO ORDERED this 5th day of October, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**